**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| ENAMIDEM CELESTINE OKON, | Civil No. 14-4499 (JRT/LIB) |
| Petitioner, | |
| | **MEMORANDUM OPINION** |
| v. | **AND ORDER** |
| WARDEN OF MOOSE LAKE PRISON, | |
| Respondent. | |

---

Enamidem Celestine Okon, No. 241071, 1000 Lakeshore Drive, Moose Lake, MN 55767, *pro se*.

Michael J. Lieberg, Assistant County Attorney, **STEARNS COUNTY ATTORNEY'S OFFICE**, 705 Courthouse Square, Room 448, Saint Cloud, MN 56303, for respondent.

Petitioner Enamidem Celestine Okon filed a petition for a writ of habeas corpus with the Court in October 2014, arguing that he is being illegally confined by Respondent Warden in relation to his 172 month sentence for a 2012 conviction for sexual assault. In July 2015, United States Magistrate Judge Leo I. Brisbois issued an Order and Report and Recommendation ("R&R") recommending that the Court deny Okon's petition with prejudice because Okon defaulted on several of his arguments by not raising them with the state court, and because the state court either applied state law or did not unreasonably apply federal law. Okon then filed objections to the R&R, along with four other motions, all of which are now pending before the Court.

The process Okon received in state court was not ideal.  Okon's court-appointed attorney presented no affirmative theory of the case whatsoever other than an argument that the prosecution had supposedly not met its burden, and that the victim was lying (for not-described reasons).  Additionally, the Minnesota Court of Appeals ignored Okon's arguments and his federal right to confront witnesses against him.  Nonetheless, the Court's task when reviewing a habeas petition under 28 U.S.C. § 2254 is not to review the state courts' decisions *de novo*; it is to ensure only that the state court did not apply federal law unreasonably.  Because the state court did not unreasonably apply federal law, the Court will overrule Okon's objections, adopt the R&R, and deny Okon's remaining motions.

## BACKGROUND

### 1.   STATE COURT PROCEEDINGS

In 2013, Okon was charged with two counts of aiding and abetting criminal sexual conduct in the first degree.  Another man, Chukwudi Gregory Jideofor, was also charged for crimes related to his involvement in the relevant incident.  Together, the two were alleged to have had sex with a woman without her consent late at night at Jideofor's apartment.  Prior to Okon's trial, Jideofor gave an "*Alford* plea" in response to his charges, which means he protested his innocence while nonetheless pleading guilty.  *See United States v. Vonn*, 535 U.S. 55, 69 n.8 (2002) (describing an *Alford* plea) (citing *North Carolina v. Alford*, 400 U.S. 25 (1970)).  Jideofor chose to enter the *Alford* plea as part of an agreement whereby Jideofor would testify against Okon in return for the prosecution recommending that Jideofor receive half the normal sentence.  (*See*

Notification of Conventional Filing of State Ct. R. ("State Ct. R."), Ex. E. ("Trial Transcript") at 290-91, Jan. 12, 2015, Docket No. 15.)

In a motion in limine, Okon asked the state court to allow him to present evidence of the number of semen-DNA samples on the victim's underwear and rectal swab. (Resp.'s Mem. in Opp. to Pet., Ex. 1 ("Trial Ct. Order") at 7-9, Jan. 12, 2015, Docket No. 14.)  The trial court denied the motion and grounded its reasoning in state law evidentiary rules on relevance and risk of unfair prejudice:  because Okon's apparent theory of the case was that he did not have sex with the victim during the event in question (Okon did not argue he had consensual sex) there was no non-prejudicial argument in support of why the number of other DNA samples on the underwear was material.  (*Id.*)  The trial court therefore found that while the presence of other individuals' semen on the victim's underwear could suggest that the victim had recently had sex with other individuals, it was not material to the question of whether Okon did too.  (*Id.*)

At trial, Okon did not or was not allowed to present evidence on the sources-of-semen DNA issue, and Okon's attorney did not seek to relitigate the matter, but Okon was permitted to offer evidence showing that his DNA was not on the underwear.  (*Id.* at 9.)   Also at trial, the prosecution called Jideofor, and Okon's trial attorney cross-examined Jideofor about his plea agreement with the prosecution.  (Trial Transcript at 290-91.)   And prior to closing arguments, Okon's trial attorney did not object to the proposed jury instructions or request instructions related to *Alford* pleas or accomplice liability.  (*Id.* at 348, 363-78.)

The jury returned a guilty verdict, and Okon appealed his conviction to the Minnesota Court of Appeals. *State v. Okon*, No. A13-2018, 2014 WL 3800324 (Minn. Ct. App. Aug. 4, 2014), *rev. denied* (Oct. 14, 2014). Okon argued the trial court violated his right to confrontation in preventing him from introducing evidence of the number of sources of semen found on the underwear. While the court of appeals acknowledged that Okon had presented an argument based on his "constitutional right to confront his victim," it did not address his constitutional argument. 2014 WL 3800324, at *2-4. Instead, the court of appeals upheld the trial court's ruling based on the same state law relevance and prejudice-related holdings that the trial court had arrived at. *Id.* at *3-4. Okon also argued to the court of appeals that he had ineffective assistance of counsel, in violation of the standard announced by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 688 (1984). But the court of appeals held that each instance of what Okon considered his trial attorney's failings were in fact unreviewable strategic decisions. *State v. Okon*, 2014 WL 3800324, at *8. The Minnesota Court of Appeals affirmed Okon's conviction.

Finally, Okon unsuccessfully petitioned for review by the Minnesota Supreme Court. *Id.*

## II. OKON'S HABEAS PETITION

On October 27, 2014, Okon filed with this Court a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Pet., Oct. 27, 2014, Docket No. 1.) On January 28, 2015, he filed a "Motion to Delete Unexhausted Claims." (Mot. to Delete Unexhausted Claims, Jan. 28, 2015, Docket No. 19.) The Magistrate Judge issued an

R&R recommending that the Court deny the petition as well as Okon's motion to delete unexhausted claim.  (R&R, July 28, 2015, Docket No. 22.)

Okon then filed the following with the Court:  (1) objections to the denial of the motion to delete unexhausted claims, (2) objections to the R&R, (3) a motion for release from custody pending the Court's decision on Okon's petition, (4) a motion for expedited review, and (5) a motion for speedy resolution.  (Docket Nos. 25-27, 30-31.)

## ANALYSIS

## I.     STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

## II.    OBJECTIONS TO THE R&R

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  According to strictures imposed on this Court by the Antiterrorism and Effective Death Penalty Act of 1996, unless a state court bases its decision on an "unreasonable determination of the facts," the Court may award habeas relief only if the state court's determination "resulted in a decision that was contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Roper*, 695 F.3d 825, 830 (8ᵗʰ Cir. 2012) (quoting 28 U.S.C. § 2254(d)).[1]   A state court decides a case "contrary to . . . clearly established Federal law" (a) if the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (b) "if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).   A state court "unreasonably appl[ies] . . . clearly established Federal law" if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 408.

Here, the Magistrate Judge found that the state court's application of federal law did not warrant habeas corpus relief, and Okon has properly objected to three parts of the Magistrate Judge's R&R:   First, he objects to the R&R's finding that the Minnesota Court of Appeals, when deciding Okon's appeal, applied state law and not federal law in deciding to exclude evidence of the number of DNA samples on the victim's underwear and on a rectal swab taken from the victim.  (Objs. to R&R at 1-5, Aug. 12, 2015, Docket No. 26.)  Second, Okon objects that the R&R incorrectly found that the Minnesota Court of Appeals did not unreasonably apply the Sixth Amendment to the United States Constitution, as interpreted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  (*Id.* at 6-7.)  And third, Okon objects that the R&R incorrectly found that

---

[1] Okon does not argue the state court unreasonably determined the facts of his case.  *See* 28 U.S.C. § 2254(d)(2).

Okon had defaulted on his argument that the state trial court violated the Fifth, Sixth, and Fourteenth Amendments by giving improper jury instructions.  (*Id.* at 7-10.)

The Court will review each of these objections *de novo*.

### A.     Refusal to Admit Evidence of the Number of DNA Samples

Okon's first objection is that the state court's decision was "contrary to" his federal right to confrontation with respect to the state court's refusal to admit evidence of the number of semen samples found in the victim's underwear and rectal swab.  Before considering this objection, the Court must determine whether Okon raised his confrontation argument with the Minnesota Court of Appeals.  The Magistrate Judge found that he had not, but this Court finds to the contrary.  To fairly preserve a federal claim for review in a habeas proceeding, a petitioner must raise the claim with the state court by referring, in his or her brief, to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue."  *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999)).  A habeas petitioner who failed to raise a federal argument in his direct appeal defaults on that argument in his habeas proceeding.  *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995).

Here, Okon clearly preserved his Confrontation Clause argument.  Beginning on page 13 of Okon's direct appeal brief to the Minnesota Court of Appeals, Okon makes an argument based on "**the Federal** and Minnesota constitutions," and notes that "the Sixth Amendment ensures the Defendant a right to confrontation."  (State Ct. R., Ex. A.

("Okon's State Direct Appeal Br.") at 13.)  Okon's reference to "the Sixth Amendment"
is a reference to the federal Sixth Amendment, because the Minnesota right to
confrontation is located in Section 6 of Article I of the Minnesota constitution, not in an
amendment.  Minn. Const. art. I, § 6.  Furthermore, Okon's brief cites to Minnesota state
court cases that discuss when, if ever, Minnesota's rape shield law violates the federal (as
well as state) right to confrontation.  (Okon's State Direct Appeal Br. at 13-17 (citing
*State v. Crims*, 540 N.W.2d 860, 865-68 (Minn. Ct. App. 1995) and *State v. Carroll*, 639
N.W.2d 623, 627-28 (Minn. Ct. App. 2002)).)  Okon could have been more clear, but by
citing the United States Constitution, naming the appropriate legal theory, and citing
cases discussing the relevant federal constitutional law, Okon did enough to put the court
of appeals on notice that he was raising federal claims.  The Court acknowledges that in
his petition for review to the Minnesota Supreme Court, Okon made his federal claim less
clear than he did to the state court of appeals:  he grounded his argument in his "due
process and confrontation rights," without specifically referencing either of the federal or
state constitutions.  (State Ct. R., Ex. D. ("Okon's Pet. For Review") at 3-4.)  But by
again voicing a theory that sounds in federal constitutional law, and in light of his clear
references to the United States Constitution in his brief to the state court of appeals, the
Court finds that Okon did not default on this federal law-related argument.

 The Court must next determine whether Okon's direct appeal is supported by
adequate and independent state grounds.  The Magistrate Judge concluded that it was, but
the Court again finds to the contrary.  A federal court will not entertain a habeas claim "if
the decision of [the state] court rests on a state law ground that is independent of the

federal question and adequate to support the judgment." *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (alteration in original) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)).   The R&R properly concluded that in Okon's case the Minnesota Court of Appeal's decision rested on state law grounds – Minnesota's rules of evidence – but the Court's inquiry cannot stop there.   Not only must the state court's decision rest on state law grounds, those state law grounds must be independent and adequate, and in Okon's case they are not.   If Okon's argument were correct and his federal constitutional rights required the state court to admit the at-issue evidence, then it does not matter whether the state court properly interpreted state law because where state law conflicts with the Constitution, a state judge must apply the Constitution.   U.S. Const. art. VI, cl. 2 ("This Constitution . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.")   The Court must therefore decide the merits of Okon's claim.

Prior to trial, Okon moved the trial court to allow him to introduce the number-of-DNA-sample evidence.   The trial court denied the motion and grounded its reasoning in state law evidentiary rules on relevance and risk of unfair prejudice.   On appeal, Okon argued the trial court's argument violated his right to confrontation, and although the Minnesota Court of Appeals acknowledged that he had presented an argument based on his "constitutional right to confront his victim," the court did not address that argument. 2014 WL 3800324, at *2-4.   Instead, the court of appeals upheld the trial court's ruling based on the same rules of evidence that the trial court used to ground its ruling.   *Id.* at

*3-4. Okon now argues the state courts' decision was contrary to federal law on the right to confrontation.

Because the Minnesota Court of Appeals did not identify let alone discuss the governing rule of constitutional law, this Court's task is only to evaluate whether the state court's decision is "contrary to" established federal law.[2]  It was not.  First, the state court's decision was not "opposite" the Supreme Court's determination of the relevant questions of law.  The Confrontation Clause of the Sixth Amendment to the U.S. Constitution guarantees all criminal defendants the right "to be confronted with the witnesses against him."  U.S. Const. amend. VI.  "[T]he main and essential purpose of confrontation is **to secure for the opponent the opportunity of cross-examination**." *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986) (quoting *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974)); *see also Nevada v. Jackson*, 133 S. Ct. 1990, 1994 (2013) (citing *Van Arsdall* approvingly).  But the right to cross-examination is not absolute:  "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."  *Van Arsdall*, 475 U.S. at 678.  The line between appropriate and inappropriate limitation of cross-examination is crossed only when a trial court "prohibit[s defense counsel] from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the

---

[2] The state court did not necessarily apply federal law unreasonably just because it did not provide written reasoning.  "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

witness, and thereby 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" *Id.* (quoting *Davis v. Alaska*, 415 U.S. at 318).

Here, Okon argues the trial state court's exclusion of the number-of-sources-of-semen evidence ran afoul of the Confrontation Clause by limiting his opportunity to expose witness bias. The trial court determined that Okon had not shown how the evidence would expose bias, and instead reasoned that the evidence would do nothing more than undermine the victim's character by suggesting that she had recently had a number of sexual partners. First, the Court agrees that Okon has presented no argument explaining the purported bias he hoped to uncover, or how presenting this evidence would help do so. Second, even if the Court were to take Okon's argument at its very, very best and assume that somehow this evidence did go to the witness's bias, then the state court's decision would be on the wrong side of a close call, not "opposite" the Supreme Court's determination of the law.

Next the Court must determine whether Okon's state court decision was decided differently than some Supreme Court case with "materially undistinguishable" facts. Okon points to two Supreme Court cases, the first being *Delaware v. Van Arsdall*, 475 U.S. 673 (1986). In that case the defendant, Van Arsdall, was convicted of murdering a woman after an all-day party. *Id.* at 674. One of the party's hosts testified against Van Arsdall at trial, and during cross-examination defense counsel sought to impeach the witness by questioning him about an agreement the witness made with the prosecution, whereby the government would dismiss a criminal charge against the witness in exchange

for the witness's testimony.   *Id.* at 676.   The defense counsel argued this line of questioning would expose the witness's bias, but the trial court barred the questioning as unfairly prejudicial.   *Id.* at 676-77.   On appeal, the U.S. Supreme Court held for Van Arsdall:  the trial court's cross-examination limitation violated the defendant's right to confrontation because "the trial court prohibited *all* inquiry into the possibility that [the witness] would be biased."   *Id.* at 679.

Here, even if Okon could highlight similarities between his case and Van Arsdall's, Okon's case is not "materially undistinguishable."   Most importantly, Van Arsdall sought to cross-examine a witness to prove a classic version of witness bias – an agreement with the prosecution incentivizing the witness to testify against the defendant – while the same cannot be said for the number-of-sources-of-semen evidence in Okon's case.   Okon has not shown that this evidence had anything to do with anyone else's plea deal.

Okon also argues the facts of his case are "materially undistinguishable" from *Davis v. Alaska*, 415 U.S. 308 (1974), but that case also contains numerous dissimilarities.   Davis was convicted for burglarizing a bar after the jury heard testimony from the identifying witness, who was a juvenile.   *Id.* at 310-11.   Previously in an unrelated matter, the juvenile-witness had been adjudicated as responsible for two other burglaries.   *Id.* at 311.   In Davis's trial, the prosecution requested and the trial court granted a protective order preventing Davis from introducing evidence of the juvenile's record, even for the limited purpose of arguing that the witness's record suggested that he possessed a bias that may have led to a "hasty and faulty identification" for the purpose

of turning away police attention.  *Id.*  On appeal, the U.S. Supreme Court held that by

foreclosing this line of questioning on cross-examination, the trial court effectively

denied the defendant the ability to present his theory of the case:  that he was hastily and

incorrectly identified by someone who was worried about his own circumstances.  *Id.* at

317-18.  Instead, the trial court only permitted Davis's attorney to only ask the juvenile-

witness in broad generalities whether he was biased.  *Id.* at 318.  That limited inquiry was

an inadequate substitute, the Court held:  "On the basis of the limited cross-examination

that was permitted, the jury might well have thought that defense counsel was engaged in

a speculative and baseless line of attack on the credibility of an apparently blameless

witness or, as the prosecutor's objection put it, a 'rehash' of prior cross-examination."  *Id.*

Okon's case is quite different than Davis's.  Davis, like Van Arsdall, sought to

introduce evidence of the juvenile-witness's criminal record to show the witness may

have not told the truth in an effort to avoid criminal liability.  Okon presented no similar

argument here.  Furthermore, while Davis was prevented from presenting the jury with

his theory of the case, Okon has offered no argument that he suffered the same – in part

because neither he nor his attorney have offered an affirmative narrative of what he

claims happened on the night in question.  But even if Okon could identify aspects of his

case that are similar to *Davis*, the Davis's robbery case and Okon's sexual assault case

are plainly not "materially undistinguishable."

In sum, Okon's case is neither opposite the Supreme Court's statement of the law

on the right to confrontation in the context of cross-examination, nor materially

undistinguishable from any differently-decided Supreme Court case.  The state court's

decision in Okon's direct appeal was therefore not contrary to federal law, and the Court will overrule Okon's first objection.

## B.    Defaulted Factual Bases for Ineffective Assistance of Counsel Claims

Okon's second objection is that the Magistrate Judge improperly found that Okon had defaulted on aspects of his Sixth Amendment ineffective assistance of counsel claim. The Court will sustain this objection – Okon did not default on the relevant factual bases – but the Court also finds that the Magistrate Judge's recommended outcome is nonetheless correct.

As discussed above, "[a] prisoner seeking a writ of habeas corpus from a federal court must first fairly present his claims to the state courts." *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995) (quoting *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995)). "[A] claim has not been fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas petition have been properly raised in the prisoner's state court proceedings." *Id.*

Here, Okon presented an argument to the state court that his trial attorney's conduct amounted to ineffective assistance of counsel. But the Minnesota Court of Appeals held that each instance of what Okon considered his trial attorney's failings were in fact unreviewable strategic decisions. *State v. Okon*, 2014 WL 3800324, at *8. Then in his unsuccessful request for review to the Minnesota Supreme Court, Okon raised the following as factual bases for his argument that the court of appeals' decision should be reversed: his trial attorney should have requested jury instructions relating to *Alford* pleas and accomplice testimony, his trial attorney should have objected when the above-

mentioned semen evidence came in, and his trial attorney should have more effectively impeached Jideofor.  (Okon's Pet. for Review at 10.)

The R&R found that Okon did not present two of these factual bases to the state court:  the accomplice testimony jury instruction issue and the impeachment of Jideofor issue.  Yet a review of Okon's state court briefing papers shows that he clearly raised each issue with both the Minnesota Court of Appeals and the Minnesota Supreme Court. (Okon's State Direct Appeal Br. at 44 (raising Okon's attorney's "fail[ure] to object to improper jury instructions that did not include the correct standard of accomplice liability," and "failure to properly impeach Codefendant"); Okon's Pet. for Review at 10 (citing two cases pertaining to jury instructions on accomplice testimony, stating that "fail[ure] to give the proper accomplice testimony instruction" indicates that Okon's attorney fell below the *Strickland* standard, and discussing Okon's attorney's "fail[ure] to properly impeach the Codefendant's testimony").)  Okon therefore defaulted on neither of these factual bases.

Nonetheless, the Court finds that although the Magistrate Judge should have considered the impeachment and accomplice instruction issues, the R&R's recommendation is still correct.  The Minnesota Court of Appeals found that these two errors, in addition to the other five that Okon argued tainted his trial, were actually strategic decisions.  *State v. Okon*, 2014 WL 3800324, at *8.  And as the Magistrate Judge noted, a strategic decision, even if poor when viewed in retrospect, is by its nature not sufficient to create a constitutional violation.  (R&R at 15 n.3 (citing *Strickland v. Washington*, 466 U.S. 688, 690-91 (1984).)  Okon may quibble as to whether his trial

attorney's decisions were failings or strategic decisions, and whether they together amounted to ineffective assistance of counsel, but at worst the state court's decision to the contrary was a close call on the wrong side of the law, not an unreasonable application of federal law. The Court will therefore overrule Okon's second objection.

### C.      Defaulted Sixth Amendment Right to Fair Trial Argument

Okon's third objection is to the Magistrate Judge's finding that Okon defaulted on his argument that the state court's jury instructions violated the Fifth and Sixth Amendments. The Court will overrule this objection because the Magistrate Judge's finding was correct – Okon did not adequately present the right to fair trial argument to the state court.

The Magistrate Judge found that Okon's brief to the Minnesota Court of Appeals did not raise the right to fair trial issue. Okon, however, points to his citation of a lone Minnesota state court precedent that contains a discussion of the Sixth Amendment. *State v. Mahkuk*, 736 N.W.2d 675, 684-85 (Minn. 2007). The Court has reviewed Okon's state court briefs, as well as the *Mahkuk* case. While Okon's direct appeal brief did indeed cite *Mahkuk*, it is worth noting that Okon really cited another case, *State v. Milton*, 821 N.W.2d 789 (Minn. 2012), and his *Milton* citation included a "citing" parenthetical to *Mahkuk*. (Okon's State Direct Appeal Brief at 34.) Okon did however directly cite *Mahkuk* in his petition for direct review to the Minnesota Supreme Court. (Okon's Pet. for Review at 6.)

But Okon's citation to *Mahkuk* alone is not sufficient to preserve his right to fair trial argument. *Mahkuk* does discuss the Sixth Amendment, but only in the context of the

right to a public trial, a doctrinal area entirely different than that raised by Okon now. *Mahkuk*, 736 N.W.2d at 684-85.   Additionally, Okon did not "pincite" the pages of *Mahkuk* that referenced the federal Constitution; the pages he cited did not reference, quote, or mention the Sixth Amendment, or any other provision of federal law.  (Okon's State Direct Appeal Brief at 34 (citing pages in *Milton* that cite *Mahkuk*, 736 N.W.2d at 682-83, which in turn discusses only when an incorrect jury instruction warrants reversal, not the U.S. Constitution).)  A citation to pages of a state court case discussing state law is not enough to preserve a federal claim just because different pages of the same case discuss a related but different federal claim.  The Magistrate Judge therefore correctly found that Okon defaulted on his right to fair trial argument, and the Court will overrule Okon's third objection.

## III.    REMAINING MOTIONS

In addition to his objections, Okon made several filings that the Court will briefly address.  First, Okon filed a document objecting to the Magistrate Judge's order denying Okon's motion to delete unexhausted claims.   (Objs. to Denial of Mot. to Delete Unexhausted Claims, Aug. 10, 2015, Docket No. 25.)  Okon concedes that he did not raise in his direct appeal two of the five claims listed in his petition to this Court. (Okon's Mot. to Delete Unexhausted Claims at 1-2, Jan. 28, 2015, Docket No. 19.)  Yet Okon argues that he never "exhausted" these claims and should be permitted to withdraw them from his habeas petition.  (*Id.* at 1.)  The Magistrate Judge, in his R&R, denied the motion after distinguishing the doctrines of exhaustion and default and finding that Okon had defaulted on the two claims that Okon labeled "unexhausted."  (R&R at 7-8.)  The

Court reviews the Magistrate Judge's decision on this non-dispositive motion under a deferential standard, 28 U.S.C. § 636(b)(1)(A), and finds that the Magistrate Judge's ruling is correct.

The doctrines of exhaustion and default are related and easily confused. The doctrine of exhaustion requires a prisoner to pursue all available remedies in state court before filing his petition for habeas corpus; a federal court will only consider a claim once the petitioner has no remaining state court remedies for that claim. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999). However, if the reason a prisoner has exhausted his state court remedies for a particular claim is because he "defaulted" on the claim by, for example, not raising it on appeal, and the state courts will now no longer permit him to present the claim again, then the state's law concerning default constitutes an adequate and independent state ground preventing the federal court from reviewing the claim, even though it has been exhausted. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). In certain instances, where a petitioner can demonstrate cause for his default, and that he has suffered actual prejudice, a federal court will review otherwise unreviewable defaulted claims. *Charron v. Gammon*, 69 F.3d 851, 857 (8th Cir. 1995).

Here, Okon did not present to the Minnesota Supreme Court his claim of prosecutorial misconduct or his claim that the Minnesota Court of Appeals was not impartial. Okon therefore defaulted on those claims according to Minnesota law, *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976), and has accordingly exhausted his remedies for those claims. But because he defaulted on those claims, this Court may not review

them now unless he explains the cause for his default and shows that he has suffered prejudice, and Okon has not done so.   For those reasons, the Court will affirm the Magistrate Judge's denial of Okon's motion to delete "unexhausted" claims.

Finally, Okon filed motions for expedited review, speedy resolution, and release from custody pending this Court's review of his petition.   (Docket Nos. 27, 30, 31.) Because this order resolves Okon's petition in its entirety, these motions are moot.

## ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket Nos. 25 and 26], **AFFIRMS** the Magistrate Judge's Order [Docket No. 22]; and, consistent with the Court's Memorandum of Opinion, **ADOPTS in part** and **REJECTS in part** the Report only and **ADOPTS** the Recommendation of the Magistrate Judge [Docket No. 22].

Accordingly, **IT IS HEREBY ORDERED** that:

1.      The Magistrate Judge's Order dated July 28, 2015 [Docket No. 22] denying as moot Okon's Motion to Delete Unexhausted Claim [Docket No. 19] is **AFFIRMED**.

2.      Okon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED.**

3.      This action is **DISMISSED**.

4.      The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Okon's petition.

**IT IS FURTHER HEREBY ORDERED** that:

1.      Okon's motion to release pending writ of habeas corpus [Docket No. 27] is

**DENIED as moot**.

2.      Okon's motion for expedited review [Docket No. 30] is **DENIED as moot**.

3.      Okon's motion for speedy resolution [Docket No. 31] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   April 26, 2016                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                        Chief Judge
                                              United States District Court